# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULOS AMOGNE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CCIPC, et al.,<br><br>Respondents. | Case No. 1:26-cv-05635-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF Nos. 1, 10) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Sudan who was admitted into the United States in 1992 as a refugee. On October 22, 2025, the Department of Homeland Security ("DHS") issued a notice to appear, charging Petitioner as removable under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(B)(i), and Petitioner was detained. (ECF Nos. 10-1, 10-4.) On April 7, 2026, an immigration judge ("IJ") ordered Petitioner removed to Ethiopia or, in the alternative, to Sudan. (ECF No. 10-5.) Petitioner reserved appeal, but no appeal was filed. (ECF No. 10 at 2; ECF No. 10-5 at 4.[1])

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On July 20, 2026, Petitioner filed the instant petition for writ of habeas corpus, arguing that his detention exceeds the 90-day removal period set forth in 8 U.S.C. § 1231(a) and violates the due process principles articulated in Zadvydas v. Davis, 533 U.S. 678 (2001), and challenging Respondents' third county removal policy. (ECF No. 1.) On August 12, 2026, Respondents filed a motion to dismiss and response, and Petitioner filed a traverse on August 24, 2026. (ECF Nos. 10, 11.)

**II.**

**DISCUSSION**

**A. Zadvydas**

In Ground One of the petition, Petitioner asserts that "there is not a significant likelihood Petitioner will be removed in the reasonably foreseeable future" and thus, his "continued detention in ICE custody violates the Due Process Clause of the Fifth Amendment" under Zadvydas v. Davis, 533 U.S. 678 (2001). (ECF No. 1 at 14.)

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Section 1231(a) applies to detention after the entry of a final order of removal" and "governs detention during a ninety-day 'removal period' after the conclusion of removal proceedings." Avilez, 69 F.4th at 530–31. "After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).

> A special statute authorizes further detention if the Government fails to remove the alien during those 90 days. It says:
>
> > "An alien ordered removed [1] who is inadmissible ... [2] [or] removable [as a result of violations of status requirements or entry conditions,

> violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision ....”

Zadvydas, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6) (1994 ed., Supp. V)).

In Zadvydas v. Davis, two noncitizens, who had been ordered removed but whose removal could not be effectuated due to lack of a repatriation treaty or because their designated countries refused to accept them, challenged their prolonged detention under 8 U.S.C. § 1231(a)(6), which governs detention beyond the ninety-day removal period. Applying the canon of constitutional avoidance because a “statute permitting indefinite detention of an alien would raise a serious constitutional problem,” the Supreme Court “read an implicit limitation into” § 1231(a)(6) and held that the statute “limits an alien’s post-removal-period detention to a period reasonably necessary to bring about that alien’s removal from the United States.” Zadvydas, 533 U.S. at 689. Thus, after a presumptively reasonable “6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.” Id. at 701. “And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the ‘reasonably foreseeable future’ conversely would have to shrink.” Id. “This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.” Id.

In the motion to dismiss, Respondents argue that “[a]lthough the 90-day removal period just passed, DHS is still within the presumptively reasonable six-month *Zadvydas* period.” (ECF No. 10 at 2.) Petitioner’s order of removal became final on May 7, 2026, and the six-month presumptively reasonable period has not yet expired. See 8 U.S.C. § 1231(a)(1)(B)(i) (“The removal period begins on the . . . date the order of removal becomes administratively final.”); 8 C.F.R. § 1241.1(c) (“An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . Upon expiration of the time

allotted for an appeal if the respondent does not file an appeal within that time[.]"). "Because it has not been more than six months since Petitioner's order of removal [became final], any such claim under *Zadvydas* would be premature. Thus, the Court finds that Petitioner is subject to mandatory detention during a presumptively reasonable six-month removal period." Alfaro Lara v. Warden, California City Correction Ctr., No. 1:26-CV-01986-JLT-FJS, 2026 WL 1714007, at *2 (E.D. Cal. June 12, 2026). Accordingly, the Court recommends finding that Petitioner is not entitled to relief on Ground One.[2]

**B. Third Country Removal**

In Grounds Two and Three, Petitioner challenges Respondents' third country removal policy. (ECF No. 1 at 14–16.) Here, there is no indication in the record before this Court that Respondents are taking action to remove Petitioner to any country other than the ones listed in Petitioner's final order of removal. Accordingly, the Court recommends finding that Petitioner's third county removal claims are not ripe. See Gevorgyan v. Noem, No. 5:25-CV-03408-SRM-ADS, 2026 WL 20902, at *5 (C.D. Cal. Jan. 1, 2026) (finding "Petitioner's third-country removal claim is not constitutionally ripe" because officer "attests that ICE intends to remove him to Armenia and that no request for removal to a third country has been made," and "there is no evidence ... that suggests ICE intends to remove him to a country other than Armenia"); Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *2 (E.D. Cal. Dec. 2, 2025) ("The court will deny without prejudice this request for temporary injunctive relief because the evidence before the court at this time is that respondents intend to remove petitioner to either Russia or Kazakhstan, not a third country.").

---

[2] If "continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief." Inamzhon v. Warden of Golden State Annex, No. 1:25-CV-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025).

> The Court notes that while a noncitizen's detention is no longer *presumed* to be reasonable after six months, "there is nothing in *Zadvydas* that suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.' " *Lema v. INS*, 214 F. Supp. 2d 1116, 1118 (W.D. Wash. 2002), *aff'd* 341 F.3d 853 (9th Cir. 2003).

Tam P. v. Chestnut, No. 1:26-CV-06104-JLT-EGC (HC), 2026 WL 2445028, at *2 n.1 (E.D. Cal. Aug. 20, 2026).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 10) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge